IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSA M. A., | ) |
|     Plaintiff, | ) No. 20 C 4862 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Rosa M. A. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On February 28, 2017 and June 9, 2017, plaintiff filed applications for benefits, which were denied initially, on reconsideration, and after a hearing. (R. 219, 233, 264-65, 269-82.) On January 24, 2019, the Appeals Council remanded the case to the ALJ for further proceedings. (R. 290-92.) The ALJ held another hearing, after which he again denied plaintiff's applications. (R. 25-44.) The Appeals Council denied review (R. 1-12), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); 416.960(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of October 1, 2015. (R. 27.) At step two, the ALJ determined

that plaintiff has the severe impairments of major depressive disorder, anxiety disorder, obesity, status-post tear of the talofibular ligament, and varicose veins. (R. 28.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (*Id.* at 36.) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform light work with certain exceptions. (R. 39-42.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 43-44.)

Plaintiff argues that the ALJ failed to obtain a valid waiver of representation. "A claimant has a statutory right to counsel at a disability hearing." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (citing 42 U.S.C. § 406; 20 C.F.R. § 404.1700.) However, a claimant may waive that right if she has been "properly informed of [it]." *Id.* To obtain a valid waiver of counsel, the ALJ must explain to the *pro se* claimant: "(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Id.*

The record shows that the ALJ provided the required explanations to plaintiff before she signed the waiver of representation form. (*See* R. 58-72.) It also shows that plaintiff waived representation because she did not want to delay the hearing. (R. 72-73.) Plaintiff argues that her desire to avoid delay renders her waiver invalid (ECF 22 at 9), but she offers no authority for that proposition. Because the ALJ complied with the requirements of *Binion*, the Court holds that plaintiff's waiver was valid.

Plaintiff also contends that the ALJ breached his duty to develop the record. An ALJ fulfills this duty if "[he] probes the [*pro se*] claimant for possible disabilities and uncovers all of

the relevant evidence." *Binion*, 13 F.3d at 245. An ALJ breaches this duty if there is an omission from the record that prejudices the claimant. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). "'Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.'" *Id.* (quoting *Binion*, 13 F.3d at 246). "Instead a claimant must set forth specific, relevant facts—such as medical evidence—that the ALJ did not consider." *Id.*

Plaintiff contends the ALJ's failure to obtain an opinion from the advanced practice nurse who treated her was a prejudicial omission. The Court disagrees. "[T]he record is complete as a matter of law when it contains adequate information for the ALJ to render a disability decision, regardless of whether the treating doctor has weighed in." *Charles F. v. Saul*, No. 18 C 618, 2019 WL 3776656, at *5 (N.D. Ill. Aug. 12, 2019). Such is the case here, as the record contains numerous medical records, the reports of two consultative examinations, and four medical opinions regarding plaintiff's functional capacity. The Court concludes that the record contains sufficient evidence for the ALJ to determine whether plaintiff is disabled.

Plaintiff also argues that the ALJ improperly dismissed her symptom allegations without any supporting analysis. The ALJ was required to evaluate plaintiff's symptoms in light of "all of the available evidence" and "determine the extent to which [plaintiff's] alleged functional limitations . . . [could] reasonably be accepted as consistent with the . . . evidence." 20 C.F.R. §§ 404.1529(a), 416.929   Among the factors relevant to this evaluation are: plaintiff's daily activities; the location, duration, frequency, and intensity of her pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication she takes or has taken to alleviate . . . pain or other symptoms; treatment, other than medication, she receives or has received for relief of symptoms; measures she uses or has used to

relieve her pain or other symptoms; and any other factors concerning [her] functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(2).

The ALJ noted plaintiff's claims that depression, thrombophlebitis,[1] and anemia limited her ability to work because they caused her to have headaches, insomnia, and fatigue, and impaired her ability to concentrate. (R. 29.) Thereafter, the ALJ summarized the records of medical treatment plaintiff received from February 2016 through December 2018, ending each summary paragraph with this statement: "I find the consistency of the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms to be slightly consistent." (*See* R. 30-33.) The ALJ did not, however, identify the symptoms to which each medical record related or explain how each record supported or refuted those symptom allegations. Because there is no "logical bridge" between the evidence and the ALJ's rejection of plaintiff's symptoms, we cannot uphold the ALJ's symptom evaluation. *See Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) ("Here, the ALJ did not provide a reason for omitting from her analysis the objective medical evidence in the record supporting Minnick's subjective complaints. Without a logical bridge between the evidence and the ALJ's conclusion, we lack a sufficient basis upon which to uphold the ALJ's determination of Minnick's credibility.").

---

[1] "Thrombophlebitis . . . is an inflammatory process that causes a blood clot to form and block one or more veins, usually in [the] legs." www.mayoclinic.org/diseases-conditions/thrombophlebitis/systems-causes/syc-20354607 (last visited Aug. 16, 2022).

**Conclusion**

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [25], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED: August 16, 2022**

**M. David Weisman**
**United States Magistrate Judge**